United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOHN NYPL,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE & CO.,<br><br>    Defendant. | Case No. 18-mc-80209-JCS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S NON-DISPOSITIVE PRE-TRIAL ORDER**<br><br>[Re: ECF 23] |

Before the Court is Plaintiff's Motion for Relief from Non-Dispositive Pre-Trial Order of Magistrate Judge. ECF 23. Plaintiff requests relief from Magistrate Judge Spero's orders (ECF 19 and ECF 22) granting a motion to quash subpoena to non-party Simon Fowles and denying Plaintiff's motion to compel deposition of Simon Fowles. *See* Motion at 1, ECF 23. A magistrate judge's non-dispositive pre-trial order may be modified or set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[T]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

As an initial matter, Plaintiff objects to Magistrate Judge Spero hearing this discovery dispute in the first instance under this Court's General Order 44 because Plaintiff "sought to file [] a declination, declining to have a Magistrate Judge conduct further proceedings" which was not accepted by the clerk. *See* Motion at 3; Winters Decl. ¶¶ 1–2. However, Plaintiff misreads General Order 44. The instant "case" is not a "civil case" under General Order 44.E.1 but instead a "civil miscellaneous matter" under General Order 44.E.3. Thus, General Order 44.E.1.c concerning declination to a magistrate judge does not apply. Moreover, Plaintiff previously filed a motion for reassignment to Judge Chen which was denied. *See* ECF 4; ECF 7. The Court finds no

1  clear error in Judge Spero's decision to deny Plaintiff's motion for reassignment. Plaintiff's

2  motion for reassignment is one paragraph and was based solely on the fact that Judge Chen issued

3  a protective order in *Fowles v. Wells Fargo Bank* (3:18-cv-02794-EMC) and that Wells Fargo

4  cited that protective order in support of its motion to quash. *See* Motion for Reassignment at 1,

5  ECF 4. The mere existence of a protective order in the *Fowles* action does not mandate

6  reassignment and Plaintiff made no other argument in support of the motion for reassignment.

7  Turning to the substance of Plaintiff's Motion, Plaintiff objects to Judge Spero's decision

8  to quash the deposition subpoena of non-party Simon Fowles. *See* Motion at 4, ECF 23. Judge

9  Spero granted the motion to quash and denied the motion to compel via minute order on January

10 18, 2019. *See* ECF 19. At the hearing on the same day, Judge Spero noted that "[t]he topic of the

11 Fowles complaint has nothing to do with [Plaintiff's action]." *See* Hearing Transcript at 4:21–22.

12 Judge Spero thoroughly explained how and why the respective actions are different. *See id.* at

13 4:15–5:13. Judge Spero therefore reasoned that deposition of Simon Fowles was not warranted

14 because "[t]he allegations of [the Fowles] complaint do not concern [the allegations of Plaintiff's

15 complaint]." *See id.* at 5:9–10. In other words, Judge Spero found that "just because [Fowles is]

16 involved in the exchange rate business and he blew the whistle on Wells Fargo with respect to an

17 aspect of the exchange rate business [has nothing] to do with price fixing [as alleged by Plaintiff]."

18 *See id.* at 7:19–23. This Court agrees with Judge Spero's conclusion that Plaintiff's counsel did

19 not demonstrate the relevance of the Fowles deposition and show that it was more than a fishing

20 expedition. *See id.* at 14:19–15:4.

21 Having reviewed Plaintiff's motion, Judge Spero's pre-trial order (ECF 19), and the

22 hearing transcript (ECF 22), the Court finds no "clear error" in the magistrate judge's factual

23 determinations and does not find that the magistrate judge's legal conclusions are "contrary to

24 law." *See Perry*, 268 F.R.D. at 348. Accordingly, Plaintiff's motion at ECF 23 is hereby

25 DENIED.

26 **IT IS SO ORDERED.**

27 Dated: February 13, 2019

    BETH LABSON FREEMAN
    United States District Judge